IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVON RENEE HAYES, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 17-198 |
| | ) | District Judge Joy Flowers Conti/ |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| ERIC TICE, *Superintendent of SCI Smithfield* | ) | |
| and THE ATTORNEY GENERAL OF THE | ) | Re: ECF No. 29 |
| STATE OF PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

In early 2017, Davon Renee Hayes ("Petitioner") filed a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"). ECF No. 4.[1] In the Petition, he sought to attack his convictions for criminal homicide, robbery and conspiracy, in connection with the murder of a store clerk.

Presently before the Court is a counseled Motion for Reconsideration of Order Denying Petitioner's Motion to Reopen Federal Habeas Corpus Proceedings (the "Motion for Reconsideration"), ECF No. 29, relative to this Court's Order dated December 10, 2019, ECF No. 24, denying Petitioner's Motion to Reopen Federal Habeas Corpus Proceedings, ECF No. 18. Respondents have filed a Response to Petitioner's Motion for Reconsideration of Order Denying Motion to Reopen Federal Habeas Corpus Proceedings ("Response in Opposition"). ECF No. 31. Petitioner filed his Reply to Respondents' Response to Petitioner's Motion for

---

[1] Although the docket entry at ECF No. 9 indicates "Second Petition for Writ of Habeas Corpus," that filing is, in fact, a copy of Petitioner's Application filed with the United States Court of Appeals for the Third Circuit for leave to file a second or successive Section 2254 Petition in this Court. As such, the Petition docketed at ECF No. 4 is the operative Petition.

Reconsideration of Order Denying Motion to Reopen Federal Habeas Corpus Proceedings ("Petitioner's Reply"). ECF No. 33. The Motion for Reconsideration is now ripe for consideration.

## I. RELEVANT PROCEDURAL HISTORY

In order to address the pending Motion for Reconsideration, it is necessary, at the outset, to briefly review the relevant procedural history of this case.

At Petitioner's request, ECF No. 5, on March 17, 2017, this Court stayed this case in order for Petitioner to exhaust his state court remedies. ECF No. 7. While this case was stayed, the Court received an order from the United States Court of Appeals for the Third Circuit granting Petitioner authorization to file a second or successive Section 2254 habeas petition. ECF No. 8. After receipt of the Third Circuit order, this Court directed Petitioner to file with the Court a motion to either lift the stay if he had exhausted his state court remedies or a motion to continue the stay, if he had not. ECF No. 10. On April 3, 2018, Petitioner then filed a Motion to Continue the Stay and Abey so that he could exhaust his state court remedies. ECF No. 11. On April 17, 2018, the Court granted Petitioner's Motion to Continue the Stay and sua sponte appointed the Federal Public Defender as counsel for Petitioner in this federal habeas proceeding. ECF No. 12. The Court also directed that the parties were to notify the Court no later than 45 days after Petitioner exhausted his state court remedies. Id.

On November 5, 2019, Petitioner, through counsel, filed a Motion to Reopen Federal Habeas Corpus Proceedings ("Motion to Reopen"), requesting that the stay be lifted and the habeas petition be reopened even though there was a pending Post Conviction Relief Act ("PCRA") Petition in the Court of Common Pleas of Allegheny County. ECF No. 18. Although not clearly stated, it appeared that Petitioner asserted in the Motion to Reopen that exhaustion

should be excused.  Id. ¶ 9 ("Three years have passed since Mr. Hayes began litigating these claims in state court and he remains at the starting gate.  At this juncture, it is time to reopen the federal proceedings rather than await further processing of his claims by the state court, where his most recent filing has been left to languish.").

Respondents filed the Commonwealth's Response to Petitioner's Motion to Reopen Federal Habeas Corpus Proceedings (the "Response in Opposition"), wherein they asserted that exhaustion should not be excused because Petitioner had failed to establish inordinate delay as was his burden in order to excuse exhaustion.  ECF No. 21.  Further, Respondents reported that on November 9, 2019, Judge John Zottola of the Court of Common Pleas of Allegheny County ordered that an Amended PCRA Petition or no-merit letter be filed by January 6, 2020.  ECF No. 21-1 at 46.

Petitioner filed a Reply to Respondents' Response in Opposition.  ECF No. 23. In the Reply, Petitioner argued that Respondents misunderstood his Motion to Reopen and that he was not claiming exhaustion should be excused due to inordinate delay.  Petitioner asserted that "Mr. Hayes has not argued that waiting for exhaustion is not required because of inordinate delay.  While the Commonwealth's understanding of Mr. Hayes' position is inaccurate, it appears the Commonwealth rushed into the Court of Common Pleas to jump-start the proceedings in an effort to defeat a claim of inordinate delay and not to assist Mr. Hayes in pursuing his rights."  Id. at 4 n.2.[2]

---

[2] Respondents cannot be faulted for their "inaccurate" understanding of Petitioner's position in the Motion to Reopen given the rather unambiguous language in the Motion to Reopen where Petitioner asserted: "[t]hree years have passed since Mr. Hayes began litigating these claims in state court and he remains at the starting gate.  At this juncture, it is time to reopen the federal proceedings rather than await further processing of his claims by the state court, where his most recent filing has been left to languish." ECF No. 18 ¶ 9.

On December 10, 2019, this Court issued an Order denying Petitioner's Motion to Reopen on two grounds. ECF No. 24. First, we found that Petitioner failed to carry his burden to show exhaustion should be excused due to inordinate delay or indeed, for any other reason. Id. at 7-8. Second, we found that Petitioner failed to carry his burden to show that he has already exhausted his state court remedies. Id. at 8-10.

Petitioner now seeks reconsideration of the Order dated December 10, 2019 denying Petitioner's Motion to Reopen. ECF No. 29. Respondents oppose the Motion for Reconsideration. ECF No. 31.

## II. PETITIONER'S MOTION FOR RECONSIDERATION

In the Motion for Reconsideration, Petitioner attacks this Court's conclusion that he has not carried his burden to show that he has exhausted his state court remedies. ECF No. 29. Petitioner asserts that "[b]y Order dated December 10, 2019, this Court denied Mr. Hayes' motion to reopen the federal habeas corpus proceedings, finding that Mr. Hayes' state remedies had not been exhausted, and that exhaustion should not be excused." Id. at 1. Petitioner argues that "the finding that Mr. Hayes has not exhausted his state court remedies is clearly erroneous…" Id. at 2. Petitioner asserts that because he "fairly presented the federal constitutional claims in his federal petition to the Court of Common Pleas of Allegheny County, the Pennsylvania Superior Court and the Supreme Court of Pennsylvania during his third PCRA proceedings" that exhaustion of the state court remedies has been satisfied. Id. Petitioner further argues that he "fairly presented" to the state courts both the facts underlying the affidavit signed by Darnell Clark on May 24, 2017 (the "Clark Affidavit"), ECF No. 9-1 at 45 – 46, (i.e., that Darnell Clark made a statement to the police indicating that Petitioner was not one of the three men he had seen hanging out near the store where his uncle who was killed had worked) and the

legal claim based thereon, i.e., the Commonwealth violated a duty to disclose in pre-trial discovery Darnell Clark's alleged statement to the police, which we shall refer to as the "Brady claim." ECF No. 29 at 2-3; 6.

## III. RESPONDENTS' RESPONSE IN OPPOSITION

Respondents oppose the Motion for Reconsideration. ECF No. 31. Respondents argue that Petitioner has a currently available state court remedy by which to raise his Brady claim based on the Clark Affidavit and he should be required to pursue his current PCRA petition. Respondents take the position that Petitioner's statement that he filed the PCRA petition within 60 days of the denial of his petition for allowance of appeal from the November 2017 ruling, if properly established, preserves the opportunity to attempt to assert any PCRA timeliness exception that Petitioner may assert based on Darnell Clark's affidavit, which was not submitted to the PCRA court in Petitioner's Third PCRA petition. As such, Respondents contend that the state court should be afforded the first opportunity to determine whether or not there is a valid assertion of a timeliness exception, and whether Petitioner is eligible for PCRA relief. Id. at 6.

## IV. PETITIONER'S REPLY TO RESPONDENTS' RESPONSE IN OPPOSITION

In his Reply, Petitioner argues that the existence of the currently pending PCRA petition in state court is irrelevant to the exhaustion analysis because he has already fairly presented his Brady claim in his Third PCRA proceedings and therefore, exhausted his state court remedies. ECF No. 33. Petitioner further argues that Respondents fail to acknowledge that Petitioner has already exhausted his Brady claim in the Third PCRA proceedings. Id. at 3. Petitioner asserts that "respondents insist that 'the state court should be afforded the first opportunity to determine whether or not there is a valid assertion of a timeliness exception, and whether Petitioner is eligible for PCRA relief,' while ignoring that the state courts have already been afforded that

5

very opportunity when they adjudicated Mr. Hayes' third PCRA petition. *See* Doc. No. 29 at 2-5. Respondents' have not even attempted to explain why this Court should find the claims now raised in Mr. Hayes' pending PCRA petition were not fairly presented in his third PCRA petition." ECF No. 33 at 3.

V. **STANDARD OF REVIEW**

Petitioner asserts the standard for granting a motion for reconsideration is whether there is a need to correct clear error [of law] or prevent a manifest injustice. ECF No. 29 at 2 (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194 (3d Cir. 1995)).

This Court finds that the proper standard and scope of review for a motion for reconsideration of our interlocutory order denying the Motion to Reopen and lift the stay is the standard stated by the Court in Nyamekye v. Mitsubishi Electric Power Products, Inc., CV 17-852, 2018 WL 3933504, at *3 (W.D. Pa. Aug. 16, 2018) wherein it held:

> Reconsideration of interlocutory orders, however, "may be had even if the movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issued the underlying order, or the 'need to correct a clear error of law or fact or to prevent manifest injustice.'" Qazizadeh, 214 F.Supp.3d at 298 (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)). "[T]he court may permit reconsideration whenever 'consonant with justice to do so.'" Qazizadeh, 214 F.Supp.3d at 298 (quoting St. Mary's Area Water Auth. v. St. Paul Fire and Marine Ins. Co., 472 F.Supp.2d 630, 632 (M.D. Pa. 2007) ); United States v. Jerry, 487 F.2d 600, 604 (3d Cir. 1973) ("'[I]f an interlocutory decree be involved, a rehearing may be sought at any time before final decree, provided due diligence be employed and a revision be otherwise consonant with equity.'") (quoting John Simmons Co. v. Grier Bros. Co., 258 U.S. 82, 90-91 (1922)).
> 
> While "district courts have more discretion in reconsidering interlocutory orders than in revising final judgments," Foster v. Westchester Fire Ins. Co., Civ. Action No. 09-1459, 2012 WL 2402895, at *4 (W.D. Pa. June 26, 2012), the Third Circuit Court of Appeals has held that "[t]he trial court must, of course, exercise this authority in a responsible way, both procedurally and substantively," and that "[e]ffective trial court management requires a presumption against reconsideration of interlocutory decisions." In re Anthanassious, 418 Fed. Appx. 91, 96 (3d Cir. 2011). Thus, courts should exercise this inherent power with a

6

> "light hand." Foster, 2012 WL 2402895, at *4 n.1. In discussing the scope of a district court's discretion to reconsider an interlocutory decision, the Third Circuit Court of Appeals has explained that while " '[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance ... as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice.'" In re Pharmacy Benefit Managers, 582 F.3d 432, 439 (3d Cir. 2009) (quoting Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816 (1988)).

Id. Accord Reinig v. RBS Citizens, N.A., 386 F. Supp. 3d 602, 607 (W.D. Pa. 2019) ("However, because Defendant's Motion relates to an interlocutory order, the reconsideration standard applies more flexibly than it would to a judgment. *Qazizadeh v. Pinnacle Health Sys.*, 214 F.Supp.3d 292, 295 (M.D. Pa. 2016)"). Furthermore, a motion for reconsideration is addressed to the Court's sound discretion. Hudson United Bank v. LiTenda Mortg. Corp., 142 F.3d 151, 159–60 (3d Cir. 1998) ("A district court's decision to deny a motion for reconsideration is placed within the sound discretion of the district court; factual determinations supporting its decision are reviewed by us under a clearly erroneous standard.").

## VI. LEGAL ANALYSIS

The Court has conducted a thorough review of Petitioner's Motion for Reconsideration, Respondents' Response in Opposition and Petitioner's Reply. The Court finds that Petitioner fails to carry his burden to show that this Court committed any error, yet alone clear error, in the December 10, 2019 Order, when it exercised its discretion to deny Petitioner's Motion to Reopen and to lift the stay.

Petitioner fails to establish a requisite ground for reconsideration for two independent reasons. First, Petitioner fails to show, as is his burden, that this Court committed any clear error of law, in the December 10, 2019 Order denying his Motion to Reopen when we found that he failed to show he had exhausted his state court remedies. More specifically, he fails to establish

7

that he satisfied the "fair presentation" requirement of the exhaustion doctrine. Second, Petitioner fails to show a manifest injustice because he has available to him a state court remedy by which to raise his Brady claim based upon or related to the Clark Affidavit or any of his other claims raised in his currently pending Petition. ECF No. 4.

### A. Petitioner Fails to Show He "Fairly Presented" His Claims in the State Courts.

Petitioner asserts that he has, in fact, exhausted because he has "fairly presented" to the state courts both the facts underlying the Clark Affidavit and the legal claim based thereon, i.e., his Brady claim.

#### 1. Petitioner fails to establish that he exhausted his claims in the state courts.

Petitioner asserted in the Motion for Reconsideration that:

> The question whether Mr. Hayes exhausted his federal claims is straightforward: Was "the federal claim [ ] fairly presented to the state courts[ ]"? *Picard v. Connor*, 404 U.S. 270, 275 (1971). Fair presentation "requires that the claim brought in federal court be the substantial equivalent of that presented to the state courts. . . Both the legal theory and the facts underpinning the federal claim must have been presented to the statute courts, . . . ." *Evans v. Court of Common Pleas, Delaware Cty., Pa.*, 959 F.2d 1227, 1231 (3d Cir. 1992). As set forth below, under this standard, Mr. Hayes has fully exhausted the claims presented in his federal petition. *See* Doc. No. 9, Exhibit 1 at 43-50; *see also* Doc. No. 4 [i.e., the currently pending habeas Petition].

ECF No. 29 at 2 – 3. Petitioner fails to persuade us.

Petitioner asserts that he presented the Brady claim and the facts underlying the Brady claim, as recounted in the Clark Affidavit, to the state courts in the Third PCRA Petition as well as in the appeal to the Superior Court in the Third PCRA proceedings. ECF No. 29 at 5 ("As required for exhaustion, Mr. Hayes gave the state courts a first opportunity to address the federal constitutional claims at issue here in his Third PCRA. The PCRA Court denied the petition and Mr. Hayes appealed to the Superior Court in *Commonwealth v. Hayes*, No. 1919

8

WDA 2016. He was ultimately unsuccessful on appeal. *See Commonwealth v. Hayes*, No. 1919 WDA 2016, 2017 WL 5195619 (Pa. Sup. Ct. Nov. 9, 2017)."). Petitioner further asserted that:

> As outlined above, Mr. Hayes "invoke[d] one complete round of the State's established appellate review process."³ *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).
>
> _____
>
> ³ The same analysis applies to the three other claims asserted in Mr. Hayes' federal habeas petition. All were fairly presented in Mr. Hayes' third PCRA petition. Mr. Hayes will not address these other claims further, as the Court's analysis focused on the issue of whether the Darnell Clark *Brady* claim was properly exhausted.

Id. at 6.

In one section of the Motion For Reconsideration, Petitioner asserts that he "fairly presented the federal constitutional claims in his federal petition to the Court of Common Pleas of Allegheny County, the Pennsylvania Superior Court and the Supreme Court of Pennsylvania during his third PCRA proceedings[.]" ECF No. 29 at 2. In this regard, we take judicial note of the fact that Petitioner did file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court in the third PCRA Petition proceedings. Com. v. Hayes, No. 60 WAL 2018 (Pa. Jan. 29, 2018).³ In another section of the Motion for Reconsideration, Petitioner asserts that "[t]he claims raised in his third PCRA petition and that were then pending on appeal were mirror images of those claims raised in his federal petition." ECF No. 29 at 3. Petitioner then goes on to quote from his Third PCRA Petition to establish the issues raised in the Third PCRA Petition and his pending Petition filed in this case at ECF No. 4. Id. at 3 – 4. Petitioner attached to the

_____

³ The docket of the Pennsylvania Supreme Court in Com. v. Hayes, No. 60 WAL 2018 (Pa.), of which we take judicial notice, is available at:

https://ujsportal.pacourts.us/DocketSheets/AppellateCourtReport.ashx?docketNumber=60+WAL+2018&dnh=CnIZB96XQsjLmqOVLcqsOQ%3d%3d

(site last visited March 25, 2020).

Motion for Reconsideration, a copy of the Third PCRA Petition. ECF No. 29-2 at 1 – 26 (appendices of testimony excluded). However, in contrast to attaching the Third PCRA Petition to the Motion for Reconsideration, Petitioner did not attach the brief to the Superior Court on appeal of the Third PCRA proceedings or the Petition for Allowance of Appeal for the Third PCRA proceedings. Petitioner's failure to attach the brief and the Petition for Allowance of Appeal is fatal to Petitioner's attempt to establish the fact that he exhausted the <u>Brady</u> claim.

Petitioner has the burden to persuade the Court that he has exhausted his state court remedies (thereby persuading us we erred in concluding otherwise in our December 10, 2019 Order denying the Motion to Reopen) by showing that he has "fairly presented" all of the four claims that he seeks to raise herein, by means of his presently pending Petition in this Court, ECF No. 4, including the <u>Brady</u> claim. Because he does not provide to this Court the brief to the Superior Court in the Third PCRA proceedings or the Petition for Allowance of Appeal in the Third PCRA proceedings, (and they do not otherwise appear to be in the record before this Court), in order to establish that he did fairly present the <u>Brady</u> claim or any of the other three claims to the Pennsylvania Supreme Court, he necessarily fails to carry his burden to show fair presentation and, therefore, he fails to show that he in fact exhausted his state court remedies with respect to the <u>Brady</u> claim or any of the other claims he now raises in the Petition that is currently pending in this Court. <u>See</u>, <u>e.g.</u>, <u>Gonce v. Redman</u>, 780 F.2d 333, 336 (3d Cir. 1985) ("the burden is on the habeas petitioner to establish exhaustion. *Id.* at 158. Since Gonce has not made the briefs from his state court proceedings part of the record in his federal habeas proceeding, and because the opinion of the Superior Court suggests that his Art. IV(d) claim was not raised there, we must assume that that court was not provided an opportunity to pass upon the claim that Gonce was wrongly denied a pretransfer hearing.").

Petitioner's failure to present to this Court the brief to the Superior Court and the Petition for Allowance of Appeal in the Third PCRA proceedings would be sufficient to deny the Motion for Reconsideration. However, in an effort to definitively ascertain the facts regarding Petitioner's fair presentation of his claims, the Court obtained from the office of the Prothonotary of the Pennsylvania Supreme Court a copy of Petitioner's Petition for Allowance of Appeal which he filed in the Pennsylvania Supreme Court and we attach it hereto as Appendix I.

### 2. Petitioner has not fairly presented his <u>Brady</u> claim.

Review of that Petition for Allowance of Appeal convinces this Court that Petitioner in fact has not "fairly presented" the <u>Brady</u> claim to the Pennsylvania Supreme Court.

In order for Petitioner to have "fairly presented" to the state courts, the <u>Brady</u> claim, as well as the other claims in the currently pending Petition in this Court, precisely because he filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court, he was obligated to raise those claims in the Petition for Allowance of Appeal. <u>Robinson v. Superintendent, SCI Somerset</u>, 722 F. App'x 309, 312 (3d Cir. 2018).

In <u>Robinson</u>, the Third Circuit announced the following rule:

> A state inmate "shall not be granted" a writ of habeas corpus unless the inmate first "exhaust[s] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). In order to properly exhaust a federal claim, the petitioner must have "fairly presented" that claim to the state courts—that is, the petitioner must have "present[ed] a federal claim's factual and legal substance to the state courts in a manner that put[ ] [the state courts] on notice that a federal claim [was] being asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). If the petitioner fails to meet this exhaustion requirement and the state court to which he would be required to present his claims would now deem them procedurally barred, then "there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

11

> Although a Pennsylvania inmate is not required to seek the discretionary review of the Pennsylvania Supreme Court before seeking habeas relief, *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004), if an inmate does petition for such review, the federal claim at issue must have been "fairly presented" in that petition, and the fact that a petitioner fairly raised his claim before a lower state court is not sufficient to satisfy the habeas exhaustion requirement, *Baldwin v. Reese*, 541 U.S. 27, 30-32, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).

Id. at 312.

Review of the Petition for Allowance of Appeal leads this Court to conclude that Petitioner did not fairly present the Brady claim to the Pennsylvania Supreme Court by any of the methods sanctioned by the Third Circuit as explained in Hernandez v. Hendricks, 270 F. App'x 150, 152 (3d Cir. 2008), wherein the Court explained how a federal habeas petitioner can fairly present their federal claims to state courts:

> A petitioner has "fairly presented" his claim if he presented the same factual and legal basis for the claim to the state courts in such a way as to place them "on notice that a federal claim is being asserted." *McCandless v. Vaughn,* 172 F.3d 255, 261 (3d Cir. 1999). After the District Court dismissed Hernandez's petition, we explained that to exhaust his claim a petitioner need only demonstrate: (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, or (d) an allegation of a pattern of facts that is well within the mainstream of constitutional litigation. *Nara v. Frank,* 488 F.3d 187, 198 (3d Cir. 2007).

Id. And this is so, notwithstanding that in the Petition for Allowance of Appeal, Petitioner cited two state court cases that mentioned Brady v. Maryland, 373 U.S. 83 (1963): Com. v. Burton, 121 A. 3d 1063 (Pa. Super. 2015) and Com. v. Davis, 86 A.3d 883 (Pa. Super. 2014). However, the mentions of Brady in these two state cases were incidental to the discussion concerning the timeliness provisions of the PCRA statute. The two state cases did not discuss or analyze what constitutes a Brady violation or engage in any analysis of a Brady claim. The Pennsylvania Supreme Court reading the Petition for Allowance of Appeal filed by Petitioner herein would

have no reason to be on notice that Petitioner was making a federal <u>Brady</u> claim before that Court.

Accordingly, the Motion for Reconsideration is properly denied as Petitioner has failed to convince the Court that it committed any error yet alone a "clear error" in denying the Motion to Reopen because Petitioner failed to demonstrate exhaustion.

**B. Petitioner Has a State Court Remedy Available.**

The second independent reason for denying the Motion for Reconsideration is that Petitioner fails to show that he has exhausted his state court remedies, even if we assume for the sake of argument that he fairly presented all of the claims contained in the currently pending Petition before this Court to all three levels of the state courts. As such, Petitioner has a state court remedy available and, therefore, cannot establish a manifest injustice to warrant reconsideration.

Petitioner seemingly asserts that the governing rule of law in this case is that so long as a state prisoner seeking federal habeas relief has "fairly presented" his federal claims to the state courts, he has satisfied the exhaustion requirement. Petitioner argues that:

> Mr. Hayes filed another motion in the Court of Common Pleas [i.e., the Fourth PCRA Petition] in an effort to have the record supplemented to include the affidavit from Mr. Clark, and to preserve his right to pursue his newly-discovered evidence, *Commonwealth v. Hayes,* Case Nos. 2003-14894, 2004-1018-1018 (Ct. Common Pleas), July 31, 2017 Motion, but that motion and the litigation that followed is irrelevant to the exhaustion question because Mr. Hayes already had fairly presented the claims (and the factual bases therefor) currently pending in these proceedings through one complete round of appeals in state court. That is all exhaustion requires.

ECF No. 29 at 6 – 7.

In contrast to the "fair presentation" analysis which Petitioner engages in, we held in the December 10, 2019 Order denying the Motion to Reopen that because Petitioner had an available

13

state court remedy by which to raise the Brady claim related to and arising out of the Clark Affidavit, namely the filing of another PCRA petition, he had not yet exhausted his state court remedies. Specifically, we held:

> We are unpersuaded because in the October 25, 2018 Memorandum of the Superior Court, that Court specifically indicated that Petitioner had, as a matter of state law, an available state court remedy to present this newly discovered affidavit of Mr. Darnell Clark, by means of the filing of a fourth PCRA Petition in the Court of Common Pleas within sixty days of the Pennsylvania Supreme Court denying his Petition for Allowance of Appeal in his third PCRA proceedings. Com. v. Hayes, 1617 WDA 2017, 2018 WL 5292444, at *2 (Pa. Super. Oct. 25, 2018) ("our Supreme Court on September 5, 2018 denied Appellant's petition for allowance of appeal in connection with his third PCRA petition. As a result, consistent with **Lark**, Appellant has 60 days from the September 5, 2018 denial of his petition for allowance of appeal to assert a timely after-discovered evidence claim. Accordingly, we affirm the PCRA court's dismissal of the Motion."). In light of the Pennsylvania Superior Court specifically holding that Petitioner has a state court remedy to litigate the newly discovered evidence claim of Mr. Darnell Clark's affidavit, and in light of Petitioner's concession that he has filed such a fourth PCRA Petition, ECF No. 23, ¶ 4, we have resolved any doubt as to whether Petitioner can now exhaust this specific claim in favor of requiring Petitioner to exhaust before proceeding in this Court. Cf. Lambert v. Blackwell, 134 F.3d 506, 519 (3d Cir. 1997), *as amended* (Jan. 16, 1998) ("If the federal court is uncertain how a state court would resolve a procedural default issue, it should dismiss the petition for failure to exhaust state remedies even if it is unlikely that the state court would consider the merits to ensure that, in the interests of comity and federalism, state courts are given every opportunity to address claims arising from state proceedings.")(citing Vasquez v. Hillery, 474 U.S. 254, 257, 106 S.Ct. 617, 620, 88 L.Ed.2d 598 (1986); Toulson v. Beyer, 987 F.2d 984, 987(3d Cir. 1993)).

ECF No. 24 at 8 – 9. We did not mention the fair presentation requirement in our analysis.

In the Motion for Reconsideration, Petitioner does not focus on the fact that he has a currently available remedy but, instead, focuses on his argument that he has already fairly presented the claim to the state courts and that such fair presentation is sufficient to render the Brady claim exhausted.

To the extent Petitioner's arguments suggest that by his mere fair presentation of the claims to the state courts, he has satisfied the exhaustion doctrine, we are unpersuaded. We find

that satisfying the fair presentation component of the exhaustion doctrine is a necessary but not sufficient condition to meet the requirements of the exhaustion doctrine. In addition, Petitioner must also show that he has no state court remedies currently available to him by which to raise the claims which he seeks to present to this Court in the instant habeas Petition. Neal v. Houston, 4:05CV3054, 2006 WL 753189, at *1 (D. Neb. Mar. 20, 2006) ("An 'unexhausted' habeas claim means both that the claim has not been fairly presented in "one complete round of the State's established appellate review process" *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), but also that the petitioner 'has the right under the law of the State to raise, by any available procedure, the question presented,' 28 U.S.C. § 2254(c)."). Petitioner must show both "fair presentation" and no currently available state court remedy. This, he fails to do.

To the extent that Petitioner's arguments suggest that he has no currently available state court remedies, again we are unpersuaded. At most, what Petitioner's arguments in the Motion for Reconsideration, addressing the current availability of a state court remedies, establish is that there is some doubt whether the state courts might adjudicate Petitioner's claims on the merits. ECF No. 29 at 6 – 10. However, in the face of the Superior Court's explicit suggestion to file a fifth PCRA Petition raising the Brady claim based on the Clark Affidavit, and Petitioner having in fact done so, and heeding the admonition of the Third Circuit in Lambert, to resolve any such doubts in favor of requiring exhaustion, we find Petitioner's arguments to be utterly insufficient to merit a finding that Petitioner has already exhausted his state court remedies. This is because he fails to persuade us that he does not presently have a state court remedy currently available to him to raise his Brady claim based on the Clark Affidavit. Lambert,134 F.3d at 519 ("If the federal court is uncertain how a state court would resolve a procedural default issue, it should

dismiss the petition for failure to exhaust state remedies even if it is unlikely that the state court would consider the merits to ensure that, in the interests of comity and federalism, state courts are given every opportunity to address claims arising from state proceedings.")(citing <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257 (1986)).

Accordingly, because Petitioner fails to establish that he has no currently available state court remedy, he fails to carry his burden to show he has exhausted his state court remedies, and, *a fortiori*, has failed to establish a manifest injustice so as to merit reconsideration of this Court's order denying his Motion to Reopen.

## VI. CONCLUSION

For the reasons set forth herein, Petitioner's Motion for Reconsideration is denied. An appropriate order follows.

AND NOW, this 25th day of March 2020, it is hereby ORDERED that Petitioner's Motion for Reconsideration, ECF No. 29, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF.